IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HSH DELAWARE GP LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-10187 (PJW)<br><br>(Jointly Administered)<br><br>Hearing Date: February 24, 2010 at 11:30 a.m.<br>Objection Deadline: February 11, 2010 at 4:00 p.m. |

## APPLICATION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF RICHARDS, LAYTON & FINGER, P.A. AS COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE DATE PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE

The above-captioned debtors and debtors in possession (collectively, the "Debtors" or the "HSH Entities") hereby file this application (the "Application") for an order authorizing the Debtors to retain and employ Richards, Layton & Finger, P.A. ("RL&F") as counsel to the Debtors *nunc pro tunc* to the Commencement Date (as defined below), pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). In support of this Application, the Debtors respectfully represent as follows:

### Jurisdiction

This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these cases, along with the last four (4) digits of each Debtor's federal tax identification number (if applicable), are: HSH Delaware GP LLC, HSH Alberta I L.P. (No. 6492), HSH Alberta II L.P. (No. 1821), HSH Alberta V L.P. (No. 6854), HSH Coinvest (Alberta) L.P. (No. 1592), JCF HSH (DE) GP LP, HSH Luxembourg S.à r.l. (No. 6862), HSH Delaware L.P. (No. 9336), and HSH Luxembourg Coinvest S.à r.l. (No. 6826).

## Background

1. On January 21, 2010 (the "Commencement Date"), each of HSH Alberta I L.P., HSH Alberta II L.P., HSH Alberta V L.P., and HSH Coinvest (Alberta) L.P., JCF HSH (DE) GP LP, and HSH Delaware GP LLC (collectively, the "Voluntary Debtors") filed a voluntary petition for relief with this Court under chapter 11 of the Bankruptcy Code.

2. On September 8, 2009, involuntary petitions for relief under chapter 7 of the Bankruptcy Code (the "Chapter 7 Cases") were filed in this Court with respect to HSH Luxembourg S.à r.l., HSH Delaware L.P., and HSH Luxembourg Coinvest S.à r.l. (collectively, the "Involuntary Debtors"). On the Commencement Date, the Involuntary Debtors filed a motion to convert the Chapter 7 Cases to cases under chapter 11 of the Bankruptcy Code (the "Conversion Motion"). On January 22, 2010, the Court entered an order approving the relief requested in the Conversion Motion, and entered a further order [Docket No. 14] jointly administering the chapter 11 cases (the "Chapter 11 Cases") of the Voluntary and Involuntary Debtors.

3. The Debtors commenced the Chapter 11 Cases with the hope that in the context of chapter 11 and with the oversight of this Court they will be able to reach a consensual resolution with their prepetition lenders (the "Prepetition Lenders") that maximizes the value of the Debtors' shares in HSH Nordbank AG for the benefit of all stakeholders.[2]

4. Each of the Debtors is authorized to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Additional information regarding the Debtors' businesses and the background relating to the events leading up to the Chapter 11 Cases can be found in the *Affidavit of Daniel Katsikas in Support of Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 5].

2

5.  No trustee, examiner or official committee of unsecured creditors has been appointed in these Chapter 11 Cases.

**RELIEF REQUESTED**

**A.   Retention of Richards, Layton & Finger, P.A.**

6.  Subject to approval of this Court, the Debtors wish to employ RL&F as their counsel in connection with the commencement and prosecution of their bankruptcy cases (the "Bankruptcy Cases"). Pursuant to section 327(a) of the Bankruptcy Code, the Debtors request that the Court approve the employment of RL&F under an evergreen retainer *nunc pro tunc* to the Commencement Date to perform the legal services that have been and will be necessary during their Bankruptcy Cases.

7.  The Debtors have selected RL&F as their counsel because of the firm's extensive experience and knowledge in the field of debtors' and creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, its expertise, experience, and knowledge practicing before this Court, its proximity to the Court and its ability to respond quickly to emergency hearings and other emergency matters in this Court. Moreover, since September 2009, RL&F has rendered legal services and advice to the Debtors. During the course of this representation, RL&F has acquired knowledge of the Debtors' business, financial affairs and capital structure. The Debtors believe that RL&F is both well qualified and uniquely able to represent them in their Bankruptcy Cases in a most efficient and timely manner.

8.  The services of RL&F under an evergreen retainer are necessary to enable the Debtors to execute faithfully their duties as debtors in possession. Subject to further order of this Court, RL&F will render the following professional services:

> a.  advising the HSH Entities of their rights, powers, and duties as debtors and debtors in possession under chapter 11 of the Bankruptcy Code;

3

b. taking action to protect and preserve the HSH Entities' estates, including (where no conflict of interest exists) the prosecution of actions on the HSH Entities' behalf, the defense of actions commenced against the HSH Entities in the Chapter 11 Cases, the negotiation of disputes in which the HSH Entities are involved, and the preparation of objections to claims filed against the HSH Entities;

c. preparing on behalf of the HSH Entities all motions, applications, answers, orders, reports, and papers in connection with the administration of the HSH Entities' estates;

d. preparing the HSH Entities' plan of reorganization;

e. preparing the HSH Entities' disclosure statement and any related documents and pleadings necessary to solicit votes on the HSH Entities' plan of reorganization;

f. prosecuting on behalf of the HSH Entities the proposed plan of reorganization and seeking approval of all transactions contemplated therein and in any amendments thereto; and

g. performing all other necessary or desirable legal services in connection with the restructuring process and the Chapter 11 Cases.

Given the extensive nature of the services that will be provided to the Debtors, it is necessary that the Debtors employ RL&F under an evergreen retainer.

9. RL&F has stated its desire and willingness to act in the Bankruptcy Cases and to render the necessary professional services as counsel to the Debtors. Furthermore, to the best of the Debtors' knowledge, the directors and associates of RL&F do not have any connection with or any interest adverse to the Debtors, its creditors, or any other party in interest, or their respective attorneys, except as set forth herein and in the affidavit of Mark D. Collins, a director of RL&F (the "Collins Affidavit"), a copy of which is attached hereto as **Exhibit A**.

10. RL&F intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

4

Delaware (the "Local Rules"). The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, propose to pay RL&F its customary hourly rates in effect from time to time as set forth in the Collins Affidavit. The Debtors submit that these rates are reasonable.

### B. Evergreen Retainer Requested

11. Prior to the Commencement Date, the Debtors paid RL&F a total retainer of $250,000.00 (the "Retainer") in connection with and in contemplation of the Debtors' chapter 11 filings. The Debtors assert that these types of retainer agreements reflect normal business terms in the marketplace. See In re Insilco Technologies, Inc., 291 B.R. 628, 634 (Bankr. D. Del. 2003) ("the practice [of receiving security retainers] in this district has been engaged in since at least the early 1990's"). The Debtors propose that any portion of the Retainer paid to RL&F and not expended for prepetition services and disbursements be treated as an evergreen retainer to be held by RL&F as security throughout the Bankruptcy Cases until RL&F's fees and expenses are awarded by final order and are then payable to RL&F.

### Notice

12. No trustee or examiner has been appointed in the Chapter 11 Cases. The Debtors have served notice of this Application on (i) the Office of the United States Trustee for the District of Delaware, (ii) the attorneys for the Prepetition Lenders, (iii) those creditors holding the 20 largest unsecured claims against the Debtors' estates (on a consolidated basis),[3] and (iv) all parties entitled to receive notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

**No Prior Request**

13. No previous motion for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors request entry of an order, substantially in the form attached hereto as **Exhibit B**, granting the relief requested herein and such other and further relief the Court deems just and proper.

Dated: January 28, 2010
Wilmington, Delaware

On behalf of the Debtors

_____
Name: Daniel Katsikas
Title: Chief Financial Officer

---

[3] Excluding "insiders" as set forth in section 101(31) of the Bankruptcy Code, there exist only 11 creditors of the Debtors on a consolidated basis.

RLF1 3507534v.4